UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVON PHILLIPS,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, KEVON PHILLIPS (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. Jurisdiction and venue for purposes of this account are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involved violations of the FCRA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, which provides

that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

8. The Plaintiff is a natural person and resident of Tuscaloosa County, in the State of Alabama. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Equifax is a corporation incorporated in the State of Georgia, with their headquarters located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

10. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. The current principal place of business of Defendant is in Atlanta, Georgia; specifically, Fulton County. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(1) as it is the judicial district in which Defendant resides.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person who is alleged to owe a debt.

14. In or about March of 2020 Plaintiff obtained a copy of his Equifax credit report (0567552761). Upon further review of his report, Plaintiff noticed numerous accounts and inquiries that did not belong to him. Plaintiff believed these accounts and inquiries were belonging to his twin brother, Kevonte' L. Phillips. Plaintiff's brother's name is found within his Equifax credit report.

15. On or about March 30, 2020 Plaintiff mailed a written dispute letter to Equifax regarding the erroneous reporting of a Capital One Auto account, a Bridgecrest Credit account, a collection account with Waypoint Resource Group and numerous hard inquiries. In this dispute letter, Plaintiff also made Equifax aware that they were reporting his brother's name on his Equifax credit report. Plaintiff's name is Kevon DeJuan Phillips; his brother's name is Kevonte' L. Phillips. Plaintiff included a copy of his driver's license, his social security card and a denial of credit by Capital One so that Equifax could properly identify Plaintiff. Plaintiff mailed this dispute letter through certified mail no.: 7018 2290 0000 3709 7014.

16. Equifax responded on April 17, 2020 with letter #041703485-FLT. First, Equifax responded to Plaintiff's dispute by addressing the response to his brother, Kevonte L. Phillips. Despite Plaintiff having provided his social security card and driver's license, Equifax demanded further forms of identification. Equifax failed to address his disputes in violation of FCRA 1681i and indicated,

"We were unable to locate a credit file". Plaintiff had included in his dispute letter Equifax's Report Number **0567552761** which should have helped to easily identify his file. Despite all the information Plaintiff provided, and clearly in an effort to save time and to discourage future disputes, Equifax failed to read the complete letter and demanded more information causing obstacles for Plaintiff to dispute information on his credit file.

17. In or about April 2020, Plaintiff (through counsel) mailed another written dispute letter to Equifax including a copy of his Alabama Driver's license, his Social Security Card, a denial from Credit One, and a 1040 IRS US Individual Income Tax Return. Plaintiff disputed the reporting of a Capital One Auto account (balance of $21,074; 92% usage of credit limit), a Bridgecrest credit account (high balance of $7,233; paid as agreed), a collection account with Waypoint Resource (Charter Bright House; for $451) and numerous hard inquiries. In this dispute letter, Plaintiff explained again to Equifax that they were still reporting his brother's name in his Equifax report and that the above accounts were not Plaintiff's accounts.

18. Equifax failed to respond to Plaintiff's second dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

19. Due to the continuous erroneous reporting, in or about early June of 2020, Plaintiff mailed out a third written dispute letter. Plaintiff disputed all of the same information as he has previously disputed twice with Equifax since they refused to remove the incorrect information. In this dispute letter, Plaintiff also provided a copy of his driver's license and social security card. Plaintiff mailed this dispute letter through certified mail no.: 7019 0160 0000 8641 3846.

20. Finally, on or about June 15, 2020, Equifax responded to Plaintiff's third dispute and stated that all disputed items were not currently reporting. Equifax, after three detailed disputes, identified the mixed file mistakes they had maintained. However, Equifax still addressed this dispute response to Plaintiff's twin brother, Kevonte L Phillips. Plaintiff has had to continuously communicate and waste his time with Equifax when it was obvious from the onset that Equifax had erroneous information in Plaintiff's credit file.

21. To Plaintiff's knowledge, as of the date of this Complaint, Equifax still has Plaintiff's credit file under his brother's name, Kevonte L Phillips even through three disputes Plaintiff has made advising Equifax of his full name, Kevon DeJuan Phillips.

22. Equifax failed to properly investigate all the facts which the Plaintiff explained in his numerous disputes and willfully chose to continue publishing false representations on Plaintiff's credit reports.

23. Equifax has kept the erroneous accounts, inquiries and personal information on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and a victim of a mixed file with his twin brother. Equifax received all the information necessary to clarify an obvious mixed file in Plaintiff's first dispute letter.

24. Plaintiff has been recently abstaining from applying for credit because the erroneous reporting is destroying his ability to get credit. Plaintiff remains fearful that Equifax will again add all the negative accounts since it still has his brother's name with his credit report.

25. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Stress associated with poor credit;

   ii. Monies lost by attempting to fix his credit. Plaintiff has mailed numerous letters attempting to resolve Defendant's errors;

   iii. Loss of time attempting to cure the error. Plaintiff has spent numerous hours on drafting dispute letters, and attempting to research ways of fixing his credit;

   iv. Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life. Plaintiff has felt helpless with Defendant's reluctance to correct his credit report;

    v.       Denial of credit cards;

    vi.      Plaintiff is currently driving a 2003 Honda that he had to purchase at a buy here, pay here dealership because he was worried that a large dealership would run his credit and see the inaccuracies.

26.    All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of 15 U.S.C. § 1681e(b) –
### as to Defendant, Equifax Information Services LLC)

27.    The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) as if fully set out herein.

28.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Equifax is aware that twin siblings tend to have similar names, exact same last names and exact dates of births. Usually their social security card numbers are one digit apart, despite having this knowledge; Equifax fails to identify the mixed files of twins and continues to include the other sibling's name in its records. Plaintiff's brother's

name remains in Plaintiff's Equifax report and on several occasions Equifax has delivered correspondence to Plaintiff in his brother's name.

29. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

30. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting.

31. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of 15 U.S.C. § 1681i – as to Defendant, Equifax Information Services LLC)

32. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully set out herein.

33. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file. Plaintiff disputed two times and provided sufficient evidence to Equifax to correct its mistakes but Equifax failed to do so until the third dispute by Plaintiff. Equifax knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

34. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Plaintiff has been denied and is now purposely refraining from applying for more credit because of the erroneous reporting by Equifax. Equifax was made aware of the erroneous reporting from the

Plaintiff's two disputes and refused to remove the inaccurate accounts and inquiries until after Plaintiff's third dispute.

35. Equifax violated 15 U.S.C § 1681i(a)(6)(A) by failing to provide written notice to a consumer of the results of a reinvestigation no later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

36. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

37. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email:
TGomez@ForThePeople.com
Secondary:
LDobbins@ForThePeople.com
*Attorney for Plaintiff*